# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER PHAN and CATHERINE NGUYEN, ) | Case No.: 1:14-cv-00386 LJO JLT |
| Plaintiffs, ) ) | ORDER DENYING STIPULATION TO AMEND THE SCHEDULING ORDER |
| v. ) | |
| ALLSTATE INSURANCE COMPANY, ) ) | (Doc. 15) |
| Defendant. ) | |

Before the Court is the stipulation of counsel to amend the scheduling order. (Doc. 15) In the stipulation, the parties indicate that they are interested in attempting to settle the matter and have arranged mediation to occur in March 2015. Id. They assert that the case schedule should be amended to allow time for the mediation while allowing them to defer further discovery efforts until it is complete. Id. Because the stipulation fails to demonstrate good cause for the amendment, the stipulation is **DENIED**.

**I.      Background**

On May 21, 2014, the Court issued the case scheduling order. (Doc. 11) The Court accepted the date proposed by the parties as the deadline to complete non-expert discovery discovery—February 16, 2015. (Doc. 9 at 4) The Court felt that the parties had not proposed sufficient time to complete expert discovery so it rejected the deadline proposed by counsel, March 16, 2015, and selected May 18, 2015 instead. (Doc. 11 at 3)

1

For the mid-discovery status conference, the parties submitted a joint report on December 2, 2014. (Doc. 13) Defendant detailed significant discovery it had undertaken. Id. at 2-4. The report indicated that Plaintiffs had not yet made any efforts toward conducting discovery though they had plans to do so. (Doc. 13 at 2) Now, approximately 45 days later—and about three weeks before the discovery deadline—the parties submitted their stipulation to amend the case schedule based upon their desire to participate in mediation. (Doc. 15 at 2) Because of this, the parties assert they need the case scheduled amended so to avoid costs of conducting discovery in the interim. Id. They assert,

> **There is substantial fact discovery planned** before the close of the current non-expert discovery cut-off of February 16, 2015. The parties also would need to incur substantial expert expense in February and March to comply with the current expert disclosure and discovery deadlines. Continuing these dates and deadlines would allow the parties to postpone this anticipated fact and expert discovery, and hence facilitate settlement, without delaying the trial date or other dates or deadlines in the Scheduling Order.

(Doc. 15 at 2, emphasis added)

## II.   Analysis

Districts courts must enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). In addition, scheduling orders may "modify the timing of disclosures" and "modify the extent of discovery." Id. Once entered by a court, a scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992). As such, a scheduling order is "the heart of case management." Koplove v. Ford Motor Co., 795 F.2d 15, 18 (3rd Cir. 1986).

Scheduling orders are "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." Johnson, 975 F.2d at 610 (quoting Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Maine 1985)). Good cause must be shown for modification of the scheduling order.[1]  Fed. R. Civ. P. 16(b)(4). The Ninth Circuit explained:

---

[1] In addition, the scheduling order cautioned the parties, "**The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by**

2

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence of a degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for modification. If that party was not diligent, the inquiry should end.

Johnson, 975 F.2d at 609 (internal quotation marks and citations omitted). Therefore, parties must "diligently attempt to adhere to the schedule throughout the course of the litigation." Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999).

Here, the Court notes that as of the date the stipulation was filed, there remained only 25 days until the expiration of the non-expert discovery period. Thus, the court is at a loss to understand why there remains "substantial" fact discovery to complete (Doc. 15 at 2). Because the parties to do not explain this circumstance—where eight months have passed since the scheduling conference but where "substantial" facts remain undiscovered—the Court must conclude the parties have failed to act diligently to complete discovery. Thus, they have failed to make a sufficient showing to justify amendment of the case schedule. Johnson, 975 F.2d at 609.

On the other hand, though they report they have selected a mediator and "anticipate" having the mediation in March 2015, they fail to provide any explanation why they did not attempt settlement earlier or why the mediation cannot be scheduled sooner. Likewise, the stipulation does not contend that the deadlines set forth in the case schedule have become unworkable due to "the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference"(Jackson, at 608). To the contrary, clearly, the parties *did* anticipate having settlement discussions. (Doc. 9 at 5) Thus, good cause has not been shown for the amendment.

Finally, the proposed amended case schedule is flawed. (Doc. 15 at 2-3) It would require dispositive motions to be filed and heard before expert discovery is completed and before the deadline

---

**affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested**." (Doc. 11 at 6, emphasis in the original)

to file and hear any non-dispositive motions.[2] This could lead to a situation in which a decision on a dispositive motion may need to be deferred or the motion denied to allow completion of discovery. Fed. R. Civ. P. 56(d).  In turn, this would impact all of the remaining dates in the schedule.

**ORDER**

For these reasons, the stipulation to amend the case schedule is **DENIED**.

IT IS SO ORDERED.

Dated:   **January 27, 2015**                             **/s/ Jennifer L. Thurston**
                                                                               UNITED STATES MAGISTRATE JUDGE

---

[2] The stipulation is silent as to whether the parties are waiving their rights to file a dispositive motion so the Court presumes this is not the case.